UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODY JENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:06-CV-842 (CEJ) |
| | ) |
| AT&T CORPORATION and | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Metropolitan Life Insurance Company (MetLife) to dismiss Counts IV, VI and VII of plaintiff's complaint. Plaintiff has filed a response in opposition to the motion. In addition, plaintiff has filed a third amended complaint to add a claim under the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq*. The Court will deem the motion to dismiss as directed to the third amended complaint.

Plaintiff Jody Jensen was employed by defendant AT&T Corporation (AT&T). Defendant MetLife is the claims administrator for AT&T's short term disability plan. Plaintiff alleges that defendant AT&T, acting on the advice of defendant MetLife, improperly terminated her employment based on her disability. She asserts claims of unlawful termination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 *et seq*. (Counts III and IV), the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132 *et seq*. (Count VI), the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. §§ 185 *et seq*. (Count VII),

the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq*. (Count VIII), and a state law claim of emotional distress (Count V). The Court previously dismissed plaintiff's claims under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010 *et seq*. (Counts I and II), and her emotional distress claim against defendant MetLife. MetLife now moves to dismiss plaintiff's ADA, ERISA and LMRA claims.

**I.    Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in

Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

## II. Background

Plaintiff suffers from bipolar disorder and clinical depression. She took leave from her employment pursuant to the FMLA between August 27, 2002 and August 19, 2003. She became eligible for and took disability leave again on October 10, 2003. She alleges that defendant MetLife told her that she had exhausted all of her "earned contractual medical leave" and that she was required to return to work no later than October 24, 2003, to maintain her employment in good standing. According to allegations in the complaint, plaintiff obtained her physician's release and timely returned to work on October 24, 2003. However, defendant MetLife rejected the physician's release and advised defendant AT&T to terminate plaintiff's employment based upon its belief that her disability rendered her unable to perform her work duties. Plaintiff's employment was terminated on October 28, 2003.

Plaintiff filed a grievance through her union, the Communications Workers of America. The dispute was submitted to binding arbitration and, on December 4, 2006, the arbitrator determined that defendant AT&T did not have just cause to terminate plaintiff, and ordered AT&T to reinstate her employment with full back pay and benefits.[1]

---

[1] Defendant AT&T has filed an action to set aside the arbitrator's award; the Union has filed a counterclaim seeking

Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Right (MCHR). The MCHR issued a formal finding of probable cause that defendant AT&T discharged plaintiff due to her disability, depression. A Notice of Right to Sue was issued after conciliation efforts failed. Plaintiff initiated this action in the Circuit Court of the City of St. Louis and defendant AT&T removed the action to this Court, on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

**III. Discussion**

    **A.    ADA Claim**

In Count IV, plaintiff alleges that defendant MetLife rejected the plaintiff's release to return to work and advised AT&T to terminate her employment, based upon its incorrect belief that she was unable to perform her job duties. Plaintiff characterizes MetLife's actions as an "adverse action" under the ADA. Defendant MetLife argues that plaintiff's ADA claim fails because it is not a "covered entity" within the meaning of the ADA.

The ADA prohibits a "covered entity" from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual . . ." 29 U.S.C. § 12112(a). "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). As the plan administrator, MetLife is not a "covered entity" within the meaning of the ADA. E.E.O.C. v. Group Health

---

enforcement of the award. AT&T Corp. v. Communications Workers of America, Case No. 4:07-CV-386 (CAS).

Plan, 212 F.Supp.2d 1094, 1099-1100 (E.D. Mo. 2002) (plan administrator not "covered entity"); Van Hulle v. Pacific Telesis Corp., 124 F.Supp.2d 642, 643 n.4 (N.D. Cal. 2000); Harding v. Winn-Dixie Stores, Inc., 907 F.Supp. 386, 390 (M.D. Fla. 1995) (insurance company administering benefits is not "covered entity"); see also Satterfield v. Tennessee, 295 F.3d 611, 617-18 (6th Cir. 2002) (private physician and clinic contracted to perform physical examination for employer were not "covered entities" under the ADA). Plaintiff's ADA claim against defendant MetLife will be dismissed.

**B. ERISA Damages**

In Count VI, plaintiff alleges that MetLife violated ERISA in its role as the healthcare administrator for defendant AT&T. She requests damages in an amount in excess of $25,000, attorney's fees, liquidated damages, and interest. Defendant MetLife contends that plaintiff seeks damages that are not available under ERISA and argues for dismissal of Count VI.

ERISA's civil enforcement remedies are found at 29 U.S.C. § 1132. Under this section, a plan participant may bring actions: (1) under § 1132(a)(1)(B) to recover benefits, enforce rights under the terms of the plan, or clarify the right to future benefits; (2) under § 1132(a)(1)(A) to compel disclosure of requested information; (3) under § 1132(a)(2) for breach of fiduciary duty; and (4) under § 1132(a)(3) for injunctive or other equitable relief.

In her opposition to the motion to dismiss, plaintiff asserts for the first time that MetLife breached its fiduciary duty and indicates that her ERISA claim arises under § 1132(a)(2), which provides a cause of action for breach of fiduciary duty under § 1109(a). Section 1109(a) states that a fiduciary who breaches a duty is "personally liable to make good to such plan any losses to the plan resulting from such breach . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

Plaintiff cannot recover monetary damages for MetLife's alleged breach of fiduciary duty. Section 1109(a) provides relief to a plan only and not to individual beneficiaries. <u>Conley v. Pitney Bowes</u>, 176 F.3d 1044, 1047 (8th Cir. 1999). Individual ERISA plan participants have no right of action for recovery of extra-contractual compensatory or punitive damages for breach of a fiduciary duty. <u>Brant v. Principal Life & Disability Ins. Co.</u>, 6 Fed. Appx. 533, 535, 2001 WL 432235 (8th Cir. 2001). Recovery for a violation of § 1109 inures to the benefit of the plan as a whole, not the individual beneficiary. <u>Massachusetts Mut. Life Ins. Co. v. Russell</u>, 473 U.S. 134, 140 (1985). Section 1132(a)(3)(B) does permit an individual plan participant to seek equitable remedies for breach of fiduciary duty. <u>Knieriem v. Group Health Plan, Inc.</u>, 434 F.3d 1058, 1061 (8th Cir. 2006). Recovery is limited, however, to "classic" equitable remedies and does not extend to compensatory damages. <u>Id.</u> Plaintiff cannot recover the damages that she seeks

under ERISA and defendant MetLife's motion to dismiss Count VI will be granted.

   C.   **LMRA Claim**

Plaintiff alleges that the arbitrator ordered defendant AT&T to reinstate her employment under the terms of a collective bargaining agreement between the Communication Workers of America and AT&T. In Count VII, she alleges that AT&T has not yet complied with the reinstatement order. In her prayer for relief under the LMRA, she seeks "judgment in excess of $25,000 against the Defendants, and for attorney's fees and liquidated damages and interest set forth in the Arbitration Decision in order to seek compliance with the Award of the Arbitrator, and for whatever relief to the Court is meet and just in the premises." Defendant MetLife is not a party to the collective bargaining agreement or any union-company arbitration. Furthermore, MetLife has no authority to reinstate plaintiff. Plaintiff's LMRA claim against MetLife will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant MetLife to dismiss [Doc. #32] is **granted**. Counts IV, VI and VII are

**dismissed** as to defendant MetLife.

                                                            CAROL E. JACKSON
                                                            UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2007.