UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODY JENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:06-CV-842 (CEJ) |
| | ) |
| AT&T CORPORATION and | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant AT&T Corporation (AT&T) to dismiss Counts V and VII of plaintiff's complaint. Plaintiff has filed a response in opposition to the motion. In addition, plaintiff has filed a third amended complaint to add a claim under the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq*. The Court will deem the motion to dismiss as directed to the third amended complaint.

Plaintiff Jody Jensen was employed by defendant AT&T. Defendant Metropolitan Life Insurance Company (MetLife) is the claims administrator for AT&T's short term disability plan. Plaintiff alleges that defendant AT&T, acting on the advice of defendant MetLife, improperly terminated her employment based on her disability. She asserts claims of unlawful termination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 *et seq*. (Counts III and IV), the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132 *et seq*. (Count VI), the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. §§ 185

*et seq.* (Count VII), the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.* (Count VIII), and a state law claim of emotional distress (Count V). The Court previously dismissed plaintiff's claims under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010 *et seq.* (Counts I and II) as time-barred, and her emotional distress claim against defendant MetLife as preempted by ERISA. AT&T now moves to dismiss plaintiff's emotional distress and LMRA claims.

**I.     Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S.

Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

**II. Background**

Plaintiff suffers from bipolar disorder and clinical depression. She took leave from her employment pursuant to the FMLA between August 27, 2002 and August 19, 2003. She became eligible for and took disability leave again on October 10, 2003. She alleges that defendant MetLife told her that she had exhausted all of her "earned contractual medical leave" and that she was required to return to work no later than October 24, 2003, to maintain her employment in good standing. According to allegations in the complaint, plaintiff obtained her physician's release and timely returned to work on October 24, 2003. However, defendant MetLife rejected the physician's release and advised defendant AT&T to terminate plaintiff's employment based upon its belief that her disability rendered her unable to perform her work duties. Plaintiff's employment was terminated on October 28, 2003.

Plaintiff filed a grievance through her union, the Communications Workers of America. The dispute was submitted to binding arbitration and, on December 4, 2006, the arbitrator determined that defendant AT&T did not have just cause to terminate plaintiff, and ordered AT&T to reinstate her employment with full back pay and benefits. Defendant AT&T has filed an action to set aside the arbitrator's award; the Union has filed a counterclaim

seeking enforcement of the award. <u>AT&T Corp. v. Communications Workers of America</u>, Case No. 4:07-CV-386 (CAS).

Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights (MCHR). The MCHR issued a formal finding of probable cause that defendant AT&T discharged plaintiff due to her disability, depression. A Notice of Right to Sue was issued after conciliation efforts failed. Plaintiff initiated this action in the Circuit Court of the City of St. Louis and defendant AT&T removed the action to this Court, on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

### III. Discussion

#### A. Emotional Distress Claim

In Count V, plaintiff alleges that AT&T "knew or should have known that an employee of 25 years would suffer great emotional and mental distress when faced with unlawful discrimination and discharge from employment." Defendant AT&T argues that plaintiff's emotional distress claim is preempted by ERISA, 29 U.S.C. §§ 1001 *et seq*.

The ERISA preemption clause provides that "this subchapter . . . shall supersede any and all State laws insofar as they may . . . relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). This clause "is conspicuous for its breadth." <u>FMC Corp. v. Holliday</u>, 498 U.S. 52, 58 (1990). A state law claim relates to an ERISA plan where resolution of the claim is substantially dependent on an analysis of the terms of the benefit plan. <u>Neumann v. AT&T Communications, Inc.</u>, 376 F.3d 773, 780 (8th Cir. 2004).

The Court previously found that plaintiff's emotional distress claim against defendant MetLife was preempted by ERISA, based upon MetLife's uncontested assertion that resolution of the claim against it would depend upon whether plaintiff was disabled within the meaning of the benefit plan. Defendant AT&T argues that the same reasoning applies to plaintiff's claim with respect to it and that the emotional distress claim thus must be dismissed. Notwithstanding plaintiff's efforts to characterize MetLife as an "employer," MetLife is the plan administrator and plaintiff's claims against MetLife derive from its performance of that role. Plaintiff's claims against defendant AT&T, by contrast, plainly derive from its role as her employer and its decision to terminate her employment. Plaintiff's state-law claim against her employer for emotional distress may be brought concurrent with her claims under the federal employment statutes. See Ramer v. Southern California Gas Co., 6 Fed. Appx. 577, 579, 2001 WL 219899 (9th Cir. 2001) (ERISA will not preempt wrongful discharge claim to extent it relies on theories independent of benefit plan), quoting Sorosky v. Burroughs Corp., 826 F.2d 794, 800 (9th Cir. 1987); Wilson v. Monarch Paper Co., 939 F.2d 1138, 1141, 1145-46 (5th Cir. 1991) (noting that district court dismissed employee's emotional distress claim to the extent it arose from administration of disability plan, but affirming award for IIED for employer's age discrimination).

Defendant AT&T cites Neumann and Sanders v. AT&T, 2006 WL 2331161 (E.D.La. 2006), to support its contention that plaintiff's

-5-

emotional distress claim is preempted by ERISA.  In Neumann, the Eighth Circuit Court of Appeals affirmed the district court's conclusion that plaintiff's state-law retaliatory discharge claim was preempted by ERISA.  That conclusion was based on Neumann's own arguments that AT&T had violated its benefit plans, a factor not present in this case.  Sanders addressed the propriety of a state-law claim for emotional distress against the plan administrator and thus provides no support for AT&T's position in this case. Accordingly, AT&T's motion to dismiss Count V will be denied.

**B.   Labor Management Relations Act Claim**

The arbitrator ordered defendant AT&T to reinstate plaintiff's employment under the terms of a Collective Bargaining Agreement between the Communication Workers of America and AT&T.  In Count VII, plaintiff alleges that AT&T has not yet complied with the reinstatement order.  In her prayer for relief under the LMRA, she seeks "judgment in excess of $25,000 against the Defendants, and for attorney's fees and liquidated damages and interest set forth in the Arbitration Decision in order to seek compliance with the Award of the Arbitrator, and for whatever relief to the Court is meet and just in the premises."

When employees are represented by a union they are not parties to either the collective bargaining agreement or any union-company arbitration. Cleveland v. Porca Co., 38 F.3d 289, 296-97 (7th Cir. 1994).  Employees therefore generally cannot challenge, modify or confirm an arbitration award in court.  Id. at 297.  An exception exists when an employee claims that the union breached its duty of

fair representation.  Id.; Bills v. U.S. Steel LLC, 267 F.3d 785, 787 (8th Cir. 2001).  Plaintiff makes no such claim here and the exception does not apply.

Plaintiff cites Smith v. Evening News Ass'n, 371 U.S. 195 (1962) for the proposition that an employee may file an individual suit for breach of a collective bargaining agreement under the LMRA.  The Eighth Circuit has held that, notwithstanding the holding of Smith, union employees cannot bring a claim under the LMRA against their employers without also proving that the union breached its duty of fair representation.  Waldron v. Boeing Co., 388 F.3d 591, 594 (8th Cir. 2004) (noting that in Smith, there was no grievance procedure in the collective bargaining agreement that had to be exhausted before there could be recourse to the courts). Plaintiff's LMRA claim in Count VII will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant AT&T to dismiss Counts V and VII of plaintiff's complaint [Doc. #34] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Count VII is dismissed with respect to defendant AT&T Corporation.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2007.