UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JODY JENSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:06-CV-842 (CEJ) |
| | ) |
| AT&T CORPORATION and | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Metropolitan Life Insurance Company (MetLife) to dismiss Count VIII of plaintiff's third amended complaint, pursuant to Fed.R.Civ.P. 12(b)(6).[1] Plaintiff has not filed a response, and the time allowed for doing so has expired.

Plaintiff Jody Jensen was employed by defendant AT&T Corporation (AT&T). Defendant MetLife is the claims administrator for AT&T's short term disability plan. Plaintiff alleges that defendant AT&T, acting on the advice of defendant MetLife, improperly terminated her employment based on her disability. The sole remaining claim against MetLife appears in Count VIII and

---

[1]The Court has previously dismissed, with respect to defendant MetLife, plaintiff's claims under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010 *et seq*., the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111 *et seq*., the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132 *et seq*., and the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. §§ 185 *et seq*.

asserts a claim under the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 *et seq.*

## I. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

## II. Background

Plaintiff suffers from bipolar disorder and clinical depression. She took leave from her employment pursuant to the FMLA between August 27, 2002 and August 19, 2003. She became eligible for and took disability leave again on October 10, 2003. She alleges that defendant MetLife told her that she had to return to work no later than October 24, 2003, to maintain her employment in good standing. According to allegations in the complaint, plaintiff obtained her physician's release and timely returned to work on October 24, 2003. However, a MetLife employee rejected the physician's release and advised defendant AT&T to terminate plaintiff's employment based upon its belief that her disability rendered her unable to perform her work duties. Plaintiff's employment was terminated on October 28, 2003.

**III. Discussion**

In Count VIII, plaintiff alleges that defendants "caused her employment to be terminated in response to [her] use of FMLA leave;" that MetLife's employee representative . . . acted to terminate [plaintiff] because [she] exercised her rights under . . . the FMLA statute" and that defendant "AT&T acted upon the improper, arbitrary and capricious misconduct of . . . MetLife and its authorized representative . . . and terminated" her employment. Defendant MetLife contends that it is not liable to plaintiff under the FMLA because it was not her employer.

The FMLA provides:

(1) Exercise of Rights

> It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
>
> (2) Discrimination
>
> It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

29 U.S.C. § 2615(a).

The FMLA defines "employer" as:

> any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year . . . <u>includ[ing] . . . any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer</u>.

29 U.S.C. § 2611(4)(A)(i) and (ii)(I) (emphasis added). The underlined language also appears in the definition of "employer" provided in the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(d), and cases applying the FLSA may be considered in addressing the definition of "employer" under the FMLA. See Mitchell v. Chapman, 343 F.3d 811, 827-28 (6th Cir. 2003) (listing cases addressing issue of individual liability under FMLA and FLSA); Darby v. Bratch, 287 F.3d 673, 680-81 (8th Cir. 2002) (same).

In determining whether an entity is an employer under the FLSA and FMLA, courts have examined whether the entity "possessed the power to control the worker in question." Astudillo v. U.S. News & World Report, 2004 WL 2075179 at *3, No. 02CV7902 (WHP)(S.D.N.Y. Sept. 17, 2004). See also Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 32 (1961) (explaining that the "economic reality" rather than the "technical concept" is to be the test for

-4-

employment and finding that co-operative was employer of members who completed piece-work at home); Donovan v. Tony & Susan Alamo Foundation, 722 F.2d 397, 400 n.8 (8th Cir. 1983) (applying "economic reality" test to determine that religious foundation was employer of laborers under FLSA).

While there are a variety of "economic reality" tests, see Zheng v. Liberty Apparel Co., Inc., 355 F.3d 61, 66-68, 72 (2nd Cir. 2003) (describing two different tests and announcing a third), it is apparent that plaintiff must allege that defendant MetLife had some direct power over her employment. See id. at 76 (FLSA liability limited to defendants who, under the totality of the circumstances, function as plaintiffs' employers rather than as business partners of plaintiffs' direct employer). In her third amended complaint, plaintiff alleges that defendant AT&T was her employer and that AT&T terminated her employment. Plaintiff does not allege that AT&T empowered MetLife to make termination decisions. Rather, she alleges only that a MetLife employee improperly advised AT&T to terminate her employment because she had exercised her FMLA rights. The Court concludes that plaintiff has failed to allege that MetLife was her employer for the purposes of the FMLA. See Mugno v. Societe Internationale de Telecommunications Aeronautiques, Ltd., 2007 WL 316572 at *8, No. 05CV2037 (DRH)(ARL) (E.D.N.Y. Jan. 30, 2007) (benefits provider not an employer for purposes of FMLA denial of benefits claim); Petty v. Carolina Biological Supply, 2006 WL 2571047 at *8, No. 1:05CV954 (M.D.N.C. Sept. 5, 2006) (provider of group life insurance not

employer under FMLA), <u>Elie G. Ghattas Trust v. Unumprovident Life Ins.</u>, 2004 WL 2709715 at *10, No. 1:03CV1614A (JCC)(E.D. Va. Oct. 5, 2004) (provider of group life insurance policy was not employer under FMLA).  <u>See also</u> <u>Eckert v. Schroeder, Joseph & Assocs.</u>, 364 F.Supp.2d 326, 327-28 (W.D.N.Y. 2005) (attorneys retained by employer and union are not employers under the FMLA).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Metropolitan Life Insurance Company to dismiss Count VIII of plaintiff's third amended complaint [Doc. #61] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff and defendant AT&T shall submit a joint proposed scheduling plan not later than **November 28, 2007.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2007.